IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



JOHN HINKLEY, ET AL., §
 §
　　　　Plaintiffs, §
 §
VS. § NO. 4:19-CV-389-A
 §
ENVOY AIR, INC., §
 §
　　　　Defendant. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Envoy Air, Inc., to dismiss. The court, having considered the motion, the response of plaintiffs, John Hinkley ("Hinkley") and Steven Rice ("Rice"), the reply, the record, and applicable authorities, finds that the motion should be granted in part as set forth herein and that the breach of contract and promissory estoppel claims should be remanded to the state court from which the action was removed.

I.

### Background

On November 29, 2018, plaintiffs filed their original petition in the District Court of Kendall County, Texas, 451st Judicial District. Doc.[1] 1, Ex. C. On January 7, 2019, defendant filed in the state court its answer, affirmative defenses, and

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

counterclaim. Id. And, that same day, defendant filed its notice of removal, bringing the action before this court. Doc. 1.

By order signed February 7, 2019, the court ordered the parties to amend their pleadings. Doc. 12. On February 21, 2019, plaintiffs filed their amended complaint. Doc. 20. On March 7, 2019, defendant filed a motion to dismiss, Docs. 21 & 22, and its counterclaim, Doc. 23.[2]

By order signed April 2, 2019, the court ordered the action transferred to the United States District Court for the Western District of Texas, San Antonio Division, where it should have been removed. Doc. 25. Thereafter, defendant filed a motion to transfer the case back to this district. Doc. 28. By order signed May 9, 2019, the motion was granted and the case was transferred to this district, Doc. 35, where it was again assigned to the docket of the undersigned.[3]

II.

Plaintiffs' Claims

The operative pleading is plaintiffs' first amended complaint filed February 21, 2019. Doc. 20. In it, plaintiffs

---

[2] The court notes that plaintiffs have not filed a response to the counterclaim. Fed. R. Civ. P. 15(a)(3).

[3] When the action was first removed, it bore Case No. 4:19-CV-014-A.

allege:

Hinkley is 51 years old. Doc. 20 at 3, ¶ 8. Rice is 56. Id. at 4, ¶ 11. Each has his pilot's license, instrument license, commercial license, and multi-engine license. Id. at 3, ¶ 8; 4, ¶ 11. They responded to defendant's advertisements-including offering a hiring bonus of $23,000 to $28,000--in the hope of one day becoming commercial airline pilots. Id. at 3, ¶¶ 6 & 7. Defendant ranked incoming pilot training classes by age and assigned different aircraft and training processes based upon age. Id. at 4, ¶ 16. Defendant encouraged plaintiffs and older trainees to select the more complex EMB-175. Id., ¶ 17. Its training process for the EMB-175 was deficient and not fully established. Id. at 5, ¶ 18. For example, the iPads issued as a training aid did not have adequate software to run the training program. Id. Older trainees were told that they were less likely to pass the training program, id., ¶ 20, and were advised to quit, id., ¶ 21. Plaintiffs were told that resignation was the only alternative. Id., ¶ 22.

On information and belief, plaintiffs allege that: a disproportionate higher percentage of older employees are terminated or forced to quit after receiving employment with defendant, id., ¶ 23; training policies and practices are disadvantageous with respect to workers over 40 years old, id. at

5-6, ¶¶ 24-25, 27; and defendant preferentially treats workers younger than age 40, id. at 6, ¶25.

Plaintiffs assert causes of action for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 ("ADEA"), violation of the Texas Labor Code,[4] breach of contract, and promissory estoppel. Plaintiffs bring their claims individually and on behalf of a class of similarly-situated persons.

III.

Grounds of the Motion

Defendant says that plaintiffs' age discrimination claims should be dismissed because they failed to exhaust their administrative remedies in a timely manner prior to filing suit. It also urges that plaintiffs have failed to allege any plausible claims. Doc. 22.

IV.

Applicable Pleading Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

---

[4] They say that this claim is based on alleged violation of §§ 21.051, 21.101, and 21.15, but the Labor Code does not include a section 21.15. It is clear that the claim is based on age discrimination.

4

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

V.

Analysis

A. Exhaustion of Remedies

The timely filing of an administrative claim of age discrimination functions as a statute of limitations and is a necessary prerequisite to suit. Rhodes v. Guiberson Oil Tools Div., 927 F.2d 876, 878 (5th Cir. 1991). Although the charge-filing requirement is not jurisdictional, failure to exhaust administrative remedies is a potentially dispositive defense to federal discrimination claims. Fort Bend Cty. v. Davis, 139 S. Ct. 1843 1851-52 (2019).[5]

To bring a claim under the ADEA, plaintiffs were required to file a charge with the EEOC or Texas Workforce Commission within 300 days after the alleged unlawful practice occurred to each of them. 29 U.S.C. § 626(d)(1). To bring a claim under the Texas Labor Code, they were required to file a charge within 180 days of the alleged discriminatory act. Tex. Labor Code § 21.202(a).

---

[5] Exhaustion has been interpreted as mandatory and jurisdictional under Texas law. Ajayi v. Walgreen Co., 562 F. App'x 243, 245 (5th Cir. 2014); Free v. Granite Publ'ns, L.L.C., 555 S.W.3d 376, 380 (Tex. App.–Austin 2018, no pet.).

The time starts running in either case when the employee knows of the discriminatory act, not when he first perceives a discriminatory motive. Ajayi v. Walgreen Co., 562 F. App'x 243, 246 (5th Cir. 2014). "The time begins when facts that would support a cause of action are or should be apparent." Blumberg v. HCA Mgmt. Co., 848 F.2d 642, 645 (5th Cir. 1988). In this case, the time runs from plaintiffs' dates of resignation, when they allege they were constructively discharged.⁶ Ajayi, 562 F. App'x at 246. And, the claims brought must fall within the scope of the investigation reasonably expected to grow out of the charge. Jefferson v. Christus St. Joseph Hosp., 374 F. App'x 485, 490 (5th Cir. 2010); Clayton v. Rumsfeld, 106 F. App'x 268, 271 (5th Cir. 2004).

Here, defendant maintains that plaintiffs have not pleaded facts sufficient for the court to determine that they timely exhausted their administrative remedies. The court agrees. Plaintiffs have long known of their failure to sufficiently plead exhaustion. Defendant had filed a motion to dismiss on that basis shortly after the case was removed. Doc. 5. Plaintiffs could easily have attached their administrative claims to the complaint as most plaintiffs do. And, they could have sought leave to amend

---

⁶The argument that plaintiffs did not know they had been discriminated against until Rice received his demand to return his bonus payment is nonsensical. Plaintiffs pleaded that from the very start of training, defendant treated older trainees in a discriminatory manner.

yet again after receiving the present motion.[7] But, as defendant notes, plaintiffs have seemingly gone out of their way to avoid disclosing their dates of resignation, tacitly conceding that their charges were untimely and arguing that tolling should apply. Further, plaintiffs have not alleged the nature of the charges filed. In particular, they have not alleged that the charges gave notice that collective or class relief was sought. Bettcher v. Brown Schools, Inc., 262 F.3d 492, 494 (5th Cir. 2001); Anson v. Univ. of Tex. Health Science Center, 962 F.2d 539, 543 (5th Cir. 1992).

To bolster their argument that they timely filed their administrative charges, plaintiffs attached to their response as Exhibits A, B, and C their own declarations and the declaration of their counsel. Exhibit C has attached to it two emails, one described as having the plaintiffs' charge forms attached but remarkably failing to include them in the exhibit.[8] Defendant filed a motion to strike the exhibits, Doc. 32, which the court is granting. The exhibits are not documents referenced in

---

[7] See discussion infra.

[8] The documents were not properly filed in a separate appendix as required by the court's standing order docketed January 8, 2019, which incorporates the special requirements of the undersigned relative to filings in actions assigned to him. Doc. 3.

8

plaintiffs' pleading and are not proper for consideration.[9] Scanlan v. Tex. A & M Univ., 343 F.3d 533, 536 (5th Cir. 2003); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

Finally, even if plaintiffs' conclusory allegations regarding exhaustion of their administrative remedies were sufficient, equitable tolling does not apply based on the facts alleged in the amended complaint. Ignorance of defendant's discrimination is not a basis for equitable tolling. Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 477-78 (5th Cir. 1991). Rather, tolling is appropriate where a suit was filed in the wrong forum, the defendant concealed facts giving rise to a claim, or the EEOC misled the plaintiff about the nature of his rights. Blumberg v. HCA Mgmt. Co., 848 F.2d 642, 644 (5th Cir. 1988). Plaintiffs have not alleged those or any similar circumstances that would warrant tolling. Defendant is entitled to dismissal on this ground.

B. Age Discrimination

Plaintiffs say that this is a disparate impact employment case for age discrimination under the ADEA and the Texas Labor

---

[9] In fact, the documents could not have been referenced in and a central part of plaintiffs' claims since they were not created until after the motion to dismiss had been filed.

9

Code.[10] Doc. 20 at 1. A plaintiff making a disparate impact claim must allege "(1) a facially neutral policy; (2) that, in fact, has a disproportionately adverse effect on a protected class." See Pacheco v. Mineta, 448 F.3d 783, 791 (5th Cir. 2006). The ADEA's protected class is people aged 40 and over. 29 U.S.C. § 631(a)-(b). "[I]t is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact. Rather, the employee is responsible for isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities." Smith v. City of Jackson, 544 U.S. 228, 241 (2005)(citations and quotation marks omitted).

Plaintiffs failed to allege that defendant had any facially neutral policy that had a disproportionately adverse effect on employees aged 40 and over. The "policy" they alleged is that defendant ranked incoming pilot training classes by age and then assigned different aircrafts and training processes based upon age. Doc. 20 at 4, ¶ 16. They similarly alleged that instructors encouraged them and older trainees to select the more complex

---

[10]As defendant notes, plaintiffs' amended complaint also makes reference to alleged disparate treatment. Doc. 20 at 4, ¶16; 8, ¶ 36.D. However, it is obvious that plaintiffs went to great lengths to present theirs as a disparate impact case because they clearly failed to timely file EEOC charges based on disparate treatment. (They do not even allege that they did so.) There would have been no reason to argue equitable tolling had plaintiffs timely filed their charges after being discharged. They argued instead that the time only began running after defendant made a demand on Rice for return of his signing bonuses. Id. at ¶¶ 56-57.

EMB-175. Id. at 4, ¶ 17. But, none of those practices are facially neutral; they explicitly differentiate workers by age. In addition, the allegations do not suggest that the allocation of aircraft is a policy of defendant within the meaning of the ADEA. Plaintiffs' allegations, taken together, suggest that defendant gave them a choice over their aircraft. See id. at 1 ("Defendant then advised the employees (based on age) . . . which airplane to choose. Simply put, Defendant encouraged the older employees to choose the most complex aircraft . . . .") & 4, ¶ 17. Thus, the court cannot infer from the allegations that plaintiffs' apparent choice is a policy of defendant for which the court can hold it liable. Moreover, plaintiffs failed to allege that any of those practices caused the alleged statistical disparities between younger and older employees, and they failed to allege that any other policy did.[11] As a result, the plaintiffs failed to plead a plausible disparate impact claim of age discrimination under the ADEA or the Texas Labor Code.[12] For this reason, even had plaintiffs adequately pleaded exhaustion of

---

[11]Plaintiffs allege that defendant's training process for the EMB-175 was deficient and not fully established, giving as an example that iPads issued as training aids did not have adequate software. But, there is no allegation that the deficient iPads only impacted older trainees. Doc. 20 at 5, ¶ 18. And, although they allege that on numerous occasions instructors told the trainees to study for one subject then the next day told them that subject was not important, they do not allege how the same instructions would have more adversely impacted older trainees. Id. ¶ 19.

[12]The same analysis applies under each statute. Evans v. City of Houston, 246 F.3d 344, 349 (5th Cir. 2001); Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996).

their administrative remedies, their discrimination claims would be dismissed.

C.  Remaining State Law Claims

Plaintiffs purport to have asserted claims for breach of contract and promissory estoppel. Because there is also pending the counterclaim of defendant for breach of contract and the court has determined that the only federal law claim asserted should be dismissed, the court is declining to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3).

E.  Leave to Amend

Plaintiffs, despite already having amended their complaint once, buried in their response to defendant's motion to dismiss the following statement: "Equity would direct that if the court finds the Complaint to be lacking in some specific manner of detail, that plaintiffs be afforded the opportunity to amend." Doc. 24 at 2.

Local Civil Rule LR 5.1(c) requires that a document containing more than one pleading, motion, or other paper "clearly identify each pleading, motion, or other paper in its title." Local Civil Rule LR 15.1(a) further provides:

> When a party files a motion for leave to file an amended pleading that, if leave is granted, will be filed on paper, the party must attach a copy of the proposed amended pleading as an exhibit to the motion.

> The party must also submit with the motion an original
> and a judge's copy of the proposed pleading.

Plaintiffs did none of those things. Their response does not identify any motion for leave to amend in its title. Nor did they attach a copy of their proposed second amended complaint as an exhibit and submit an original and judge's copy of the proposed complaint. As a result, the court does not consider that they actually made a motion for leave to amend. Even if the court were to interpret plaintiffs' statement as a motion for leave to amend, the court could not evaluate the merit of such a motion without any knowledge of what another amended complaint might say. In any event, the court has given plaintiffs more than a fair opportunity to plead their best case. Therefore, the court is not granting plaintiffs leave to replead again.

VI.

Order

The court ORDERS that defendant's motion to strike be, and is hereby, granted, and that the documents attached to plaintiffs' response to the motion to dismiss be, and are hereby, stricken from the record and unfiled.

The court further ORDERS that defendant's motion to dismiss be, and is hereby, granted in part and plaintiffs' claims under the ADEA and Texas Labor Code for age discrimination be, and are hereby, dismissed.

The court further ORDERS that the remaining claims in this action be, and are hereby, remanded to the 451st Judicial District Court of Kendall County, Texas, from which the action was removed.

SIGNED June 28, 2019.

_____
JOHN McBRYDE
United States District Judge